# NOTICE OF REMOVAL
# EXHIBIT A



**Corporate Creations Network Inc.**
801 US Highway 1 North Palm Beach, FL 33408

Exelon Corporation
Pauline Kearney Traci Braun's Assistant
Exelon
10 South Dearborn Street - 49th Floor
Chicago IL 60603

11/19/2021

# SERVICE OF PROCESS NOTICE

The following is a courtesy summary of the enclosed document(s).  ALL information should be verified by you.

Item: 2021-1889

Note: Any questions regarding the substance of the matter described below, including the status or how to respond, should be directed to the contact set forth in line 12 below or to the court or government agency where the matter is being heard. IMPORTANT: All changes or updates to the SOP contact individuals or their contact information must be submitted in writing to SOPcontact@corpcreations.com. Any changes will become effective upon written confirmation of Corporate Creations.

| # | Field | Value |
|---|---|---|
| 1. | Entity Served: | Exelon Corporation |
| 2. | Title of Action: | Kevin Lewis vs. Exelon Corporation and Potomac Electric Power Company |
| 3. | Document(s) Served: | Summons<br>Citatorio<br>Complaint and Jury Demand<br>Information Sheet |
| 4. | Court/Agency: | District of Columbia Superior Court |
| 5. | State Served: | District of Columbia |
| 6. | Case Number: | 2021 CA 004014 B |
| 7. | Case Type: | Disability Discrimination/Violation of DC Human Rights Act |
| 8. | Method of Service: | Hand Delivered |
| 9. | Date Received: | Thursday 11/18/2021 |
| 10. | Date to Client: | Friday 11/19/2021 |
| 11. | # Days When Answer Due:<br>Answer Due Date: | 21<br>Thursday 12/09/2021 — CAUTION: Client is solely responsible for verifying the accuracy of the estimated Answer Due Date. To avoid missing a crucial deadline, we recommend immediately confirming in writing with opposing counsel that the date of the service in their records matches the Date Received. |
| 12. | Sop Sender:<br>(Name, City, State, and Phone Number) | Tiffany Joseph Goodson<br>Washington, DC<br>(202) 919-5952 |
| 13. | Shipped To Client By: | Email Only with PDF Link |
| 14. | Tracking Number: | |
| 15. | Handled By: | 091 |
| 16. | Notes: | Also Attached:<br>* Initial Order and Addendum |

NOTE: This notice and the information above is provided for general informational purposes only and should not be considered a legal opinion. The client and their legal counsel are solely responsible for reviewing the service of process and verifying the accuracy of all information. At Corporate Creations, we take pride in developing systems that effectively manage risk so our clients feel comfortable with the reliability of our service. We always deliver service of process so our clients avoid the risk of a default judgment. As registered agent, our role is to receive and forward service of process. To decrease risk for our clients, it is not our role to determine the merits of whether service of process is valid and effective. It is the role of legal counsel to assess whether service of process is invalid or defective. Registered agent services are provided by Corporate Creations Network Inc.

801 US Highway 1 North Palm Beach, FL 33408  Tel: (561) 694-8107  Fax: (561) 694-1639
www.CorporateCreations.com

**Superior Court of the District of Columbia**
**CIVIL DIVISION**
**Civil Actions Branch**
500 Indiana Avenue, N.W., Suite 5000 Washington, D.C. 20001
Telephone: (202) 879-1133 Website: www.dccourts.gov

Kevin Lewis
_____
Plaintiff

vs.

Exelon Corporation
_____
Defendant

Case Number  2021 CA 004014 B

## SUMMONS

To the above named Defendant:

You are hereby summoned and required to serve an Answer to the attached Complaint, either personally or through an attorney, within twenty one (21) days after service of this summons upon you, exclusive of the day of service. If you are being sued as an officer or agency of the United States Government or the District of Columbia Government, you have sixty (60) days after service of this summons to serve your Answer. A copy of the Answer must be mailed to the attorney for the plaintiff who is suing you. The attorney's name and address appear below. If plaintiff has no attorney, a copy of the Answer must be mailed to the plaintiff at the address stated on this Summons.

You are also required to file the original Answer with the Court in Suite 5000 at 500 Indiana Avenue, N.W., between 8:30 a.m. and 5:00 p.m., Mondays through Fridays or between 9:00 a.m. and 12:00 noon on Saturdays. You may file the original Answer with the Court either before you serve a copy of the Answer on the plaintiff or within seven (7) days after you have served the plaintiff. If you fail to file an Answer, judgment by default may be entered against you for the relief demanded in the complaint.

Tiffany Joseph Goodson
Name of Plaintiff's Attorney

1325 G Street, NW Suite 558
Address
Washington, DC 20005

(202) 919-5952
Telephone

Clerk of the Court

By _____
Deputy Clerk

Date  11/3/2021

如需翻译,请打电话 (202) 879-4828    Veuillez appeler au (202) 879-4828 pour une traduction    Để có một bài dịch, hãy gọi (202) 879-4828
번역을 원하시면, (202) 879-4828로 전화주십시오.    የአማርኛ ትርጉም ለማግኘት (202) 879-4828 ይደውሉ

IMPORTANT: IF YOU FAIL TO FILE AN ANSWER WITHIN THE TIME STATED ABOVE, OR IF, AFTER YOU ANSWER, YOU FAIL TO APPEAR AT ANY TIME THE COURT NOTIFIES YOU TO DO SO, A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE MONEY DAMAGES OR OTHER RELIEF DEMANDED IN THE COMPLAINT. IF THIS OCCURS, YOUR WAGES MAY BE ATTACHED OR WITHHELD OR PERSONAL PROPERTY OR REAL ESTATE YOU OWN MAY BE TAKEN AND SOLD TO PAY THE JUDGMENT. IF YOU INTEND TO OPPOSE THIS ACTION, *DO NOT FAIL TO ANSWER WITHIN THE REQUIRED TIME.*

If you wish to talk to a lawyer and feel that you cannot afford to pay a fee to a lawyer, promptly contact one of the offices of the Legal Aid Society (202-628-1161) or the Neighborhood Legal Services (202-279-5100) for help or come to Suite 5000 at 500 Indiana Avenue, N.W., for more information concerning places where you may ask for such help.

See reverse side for Spanish translation
Vea al dorso la traducción al español




**TRIBUNAL SUPERIOR DEL DISTRITO DE COLUMBIA**
**DIVISIÓN CIVIL**
Sección de Acciones Civiles
500 Indiana Avenue, N.W., Suite 5000, Washington, D.C. 20001
Teléfono: (202) 879-1133 Sitio web: www.dccourts.gov

_____
                                                    Demandante
            contra
                                                                            Número de Caso: _____
_____
                                                    Demandado

### CITATORIO

Al susodicho Demandado:

      Por la presente se le cita a comparecer y se le require entregar una Contestación a la Demanda adjunta, sea en persona o por medio de un abogado, en el plazo de veintiún (21) días contados después que usted haya recibido este citatorio, excluyendo el día mismo de la entrega del citatorio. Si usted está siendo demandado en calidad de oficial o agente del Gobierno de los Estados Unidos de Norteamérica o del Gobierno del Distrito de Columbia, tiene usted sesenta (60) días, contados después que usted haya recibido este citatorio, para entregar su Contestación. Tiene que enviarle por correo una copia de su Contestación al abogado de la parte demandante. El nombre y dirección del abogado aparecen al final de este documento. Si el demandado no tiene abogado, tiene que enviarle al demandante una copia de la Contestación por correo a la dirección que aparece en este Citatorio.

      A usted también se le require presentar la Contestación original al Tribunal en la Oficina 5000, sito en 500 Indiana Avenue, N.W., entre las 8:30 a.m. y 5:00 p.m., de lunes a viernes o entre las 9:00 a.m. y las 12:00 del mediodía los sábados. Usted puede presentar la Contestación original ante el Juez ya sea antes que usted le entregue al demandante una copia de la Contestación o en el plazo de siete (7) días de haberle hecho la entrega al demandante. Si usted incumple con presentar una Contestación, podría dictarse un fallo en rebeldía contra usted para que se haga efectivo el desagravio que se busca en la demanda.

_____            *SECRETARIO DEL TRIBUNAL*
Nombre del abogado del Demandante

_____            Por: _____
Dirección                                                                                    Subsecretario

_____            Fecha _____

Teléfono
如需翻译,请打电话 (202) 879-4828      Veuillez appeler au (202) 879-4828 pour une traduction      Đề có một bài dịch, hãy gọi (202) 879-4828
번역을원하시면(202) 879-4828 로전화주십시요      የአማርኛ ትርጉም ለማግኘት (202) 879-4828 ይደውሉ

IMPORTANTE: SI USTED INCUMPLE CON PRESENTAR UNA CONTESTACIÓN EN EL PLAZO ANTES MENCIONADO O, SI LUEGO DE CONTESTAR, USTED NO COMPARECE CUANDO LE AVISE EL JUZGADO, PODRÍA DICTARSE UN FALLO EN REBELDÍA CONTRA USTED PARA QUE SE LE COBRE LOS DAÑOS Y PERJUICIOS U OTRO DESAGRAVIO QUE SE BUSQUE EN LA DEMANDA. SI ESTO OCURRE, PODRÍA RETENÉRSELE SUS INGRESOS, O PODRÍA TOMÁRSELE SUS BIENES PERSONALES O BIENES RAÍCES Y SER VENDIDOS PARA PAGAR EL FALLO. SI USTED PRETENDE OPONERSE A ESTA ACCIÓN, *NO DEJE DE CONTESTAR LA DEMANDA DENTRO DEL PLAZO EXIGIDO*.

      Si desea conversar con un abogado y le parece que no puede pagarle a uno, llame pronto a una de nuestras oficinas del Legal Aid Society (202-628-1161) o el Neighborhood Legal Services (202-279-5100) para pedir ayuda o venga a la Oficina 5000 del 500 Indiana Avenue, N.W., para informarse sobre otros lugares donde puede pedirayuda al respecto.

Vea al dorso el original en inglés
See reverse side for English original

CV-3110 [Rev. June 2017]                                                                                                                                Super. Ct. Civ. R. 4

Filed
D.C. Superior Court
11/02/2021 18:25PM
Clerk of the Court

SUPERIOR COURT OF THE DISTRICT OF COLUMBIA
CIVIL DIVISION

| | |
|---|---|
| **KEVIN LEWIS**<br>828 Creekside Crescent<br>Chesapeake, VA 23320,<br><br>           Plaintiff,<br><br>v.<br><br>**EXELON CORPORATION**<br>10 South Dearborn Street<br>Floor 49<br>Chicago, IL 60603,<br><br>     and<br><br>**POTOMAC ELECTRIC POWER COMPANY**<br>701 Ninth Street, NW<br>Washington, DC 20068,<br><br>           Defendants. | CASE NO.:  2021 CA 004014 B<br><br>**COMPLAINT AND JURY DEMAND** |

Plaintiff Kevin Lewis ("Plaintiff"), by and through counsel, hereby sets forth his civil complaint and jury demand against Defendants Exelon Corporation and Potomac Electric Power Company and for causes of actions states as follows:

### I.  PARTIES

1. At all relevant times, Plaintiff worked for Defendant Potomac Electric Power Company ("Pepco") and Exelon Corporation ("Exelon") in the District of Columbia in Defendants' office and remotely during the COVID-19 pandemic.

2. Defendant Exelon Corporation ("Exelon") is a Pennsylvania corporation operating as a utility services holding company engaged in the generation, delivery, and

1

marketing of energy through its various businesses, including Defendant Pepco. At all relevant times, Defendant Exelon operated in the District of Columbia.

3. Defendant Pepco is a District of Columbia corporation owned and operated by Defendant Exelon and is engaged in the purchase, sale, transmission and distribution of electricity to retail customers. At all relevant times, Defendant Pepco operated in the District of Columbia.

4. This Action is brought jointly and severally against both Defendants for violations of the D.C. Human Rights Act ("DCHRA"), D.C. Code § 2-1401.1, *et seq.*, the District of Columbia Family and Medical Leave Act. D.C. Code § 32-501, *et seq.* ("DCFMLA"), and the Family and Medical Leave Act of 1993, 29 U.S.C. § 2615(a)(1) ("FMLA").

## II.   JURISDICTION AND VENUE

5. The acts complained of herein occurred principally in the District of Columbia.

6. At all relevant times to this Action, Defendants conducted business in the District of Columbia.

7. This action has been filed within the applicable statutory time periods.

8. Jurisdiction and venue are proper.

## III.   FACTS

8. Plaintiff incorporates the foregoing paragraphs as if set forth in their entirety herein.

9. Plaintiff began his employment with Defendants in or about February 2020 as a Work Week Manager in Defendants' Transmission Department.

10. Throughout Plaintiff's employment, Plaintiff consistently performed at or above a satisfactory level, frequently producing the highest production numbers in his Department.

11. In or about March 2020, Defendants authorized Plaintiff to work remotely from Chesapeake, VA due to the COVID-19 pandemic.

12. Plaintiff suffers from asthma, a pre-existing condition that renders Plaintiff high risk for severe illness from COVID-19.

13. In December 2020, Plaintiff contracted COVID-19. Although Plaintiff eventually recovered, Plaintiff continues to suffer from the effects of COVID-19 because the disease exacerbated his asthma, causing Plaintiff's recurring troubles breathing to increase.

14. For the remainder of Plaintiff's employment with Defendants, Plaintiff sometimes experienced significant asthma symptoms during his work hours that required him to use medical leave. Plaintiff notified Defendants when medical leave was necessary, and at no time did Plaintiff exhaust his medical leave.

15. Beginning on or about April 28, 2021, Plaintiff used three days of leave necessitated by an extremely bad asthma attack.

16. It was after these days of medically needed leave that the relationship between Defendants and Plaintiff began to deteriorate. Upon returning to work, Plaintiff's direct supervisor, Steven Omijuanfo, held a meeting with Plaintiff during which Mr. Omijuanfo criticized Plaintiff's work and directed Plaintiff to send him an email at the end of each workday to identify the work that Plaintiff performed each day. Upon information and belief, none of Plaintiff's peers were required to send such end-of-day emails.

17. Mr. Omijuanfo also began to accuse Plaintiff of failing to perform work and initiated in investigation against him. When Plaintiff inquired with Mr. Omijuanfo whether the issue should be raised with Defendants' Human Resources Department, Mr. Omijuanfo increased his retaliatory behaviors, which included continuing to repeatedly accuse Plaintiff of

not working and micromanaging Plaintiff. Mr. Omijuanfo's behavior was severe and pervasive. Mr. Omijuanfo engaged in these behaviors despite the fact that Plaintiff was a high performer and consistently produced some of the highest production numbers in his Department.

18. On June 25, 2021, Defendants terminated Plaintiff.

19. Defendants' justification for terminating Plaintiff are pretextual. Defendants terminated Plaintiff because of his disability and in retaliation for using medical leave due to his disability.

20. At all relevant times, Plaintiff's disability substantially limited a major life activity.

21. At all relevant times, Plaintiff was capable of performing the essential functions of his position with or without a reasonable accommodation.

22. At all relevant times, Plaintiff satisfactorily performed the essential functions of his position.

## IV.  CAUSES OF ACTION

### COUNT I - DISABILITY DISCRIMINATION IN VIOLATION OF THE DISTRICT OF COLUMBIA HUMAN RIGHTS ACT, D.C. CODE § 2-1401.1, *ET SEQ.*

23. Plaintiff incorporates the foregoing paragraphs as if set forth in their entirety herein.

24. The District of Columbia Human Rights Act prohibits discrimination on the basis of disability with respect to an employee's compensation, terms, conditions, and privileges of employment. D.C. Code § 2-1402.11(a)(1).

25. The above facts state claims against Defendants for disability discrimination in violation of the DCHRA, D.C. Code § 2-1401.1 *et seq.*

26. As a result of Defendants' wrongful conduct, Plaintiff suffered damages for past and future wage and benefits loss, emotional distress, civil penalties, and attorneys' fees and costs, in amounts to be proven at trial.

### COUNT II – HOSTILE WORK ENVIRONMENT IN VIOLATION OF THE DISTRICT OF COLUMBIA HUMAN RIGHTS ACT, D.C. CODE § 2-1401.1, *et seq.*

27. Plaintiff incorporates the foregoing paragraphs as if set forth in their entirety herein.

28. The DCHRA prohibits discrimination on the basis of disability with respect to an employee's compensation, terms, conditions, and privileges of employment. D.C. Code § 2-1402.11(a)(1). This includes the creation of a hostile work environment on the basis of an employee's disability.

29. The above facts state claims against Defendants for hostile work environment in violation of the DCHRA, D.C. Code § 2-1401.1 *et seq.*

30. As a result of Defendants' conduct, Plaintiff suffered extensive damages, including damages for past and future wage and benefits loss, emotional distress, civil penalties, and attorneys' fees and costs.

### COUNT III – RETALIATION AND/OR INTERFERENCE IN VIOLATION OF THE DISTRICT OF COLUMBIA FAMILY AND MEDICAL LEAVE ACT, D.C. CODE § 32-501, *et seq.*

31. Plaintiff incorporates the foregoing paragraphs as if set forth in their entirety herein.

32. The DCFMLA, D.C. Code § 32-503, provides an employee with sixteen workweeks of leave during any twenty-four-month period for medical reasons.

33. At all relevant times, Defendants were each an "employer" subject to the DCFMLA in accordance with D.C. Code §§ 32-501(2) and 32-516(2).

34. At all relevant times, Plaintiff was an "employee" as defined by the DCFMLA, D.C. Code § 32-501(1).

35. At all relevant times, Plaintiff had a right under the DCFMLA, D.C. Code § 32-501, *et seq.*, to sixteen workweeks of leave during any twenty-four-month period for medical reasons.

36. During the course of his employment with Defendants, Plaintiff exercised his rights under the DCFMLA, D.C. Code § 32-503.

37. At all relevant times, Defendants had a duty under the DCFMLA, D.C. Code § 32-507, to not interfere with Plaintiff's rights under the DCFMLA.

38. Defendants interfered with Plaintiff's rights under the DCFMLA and retaliated against him for exercising his rights because Defendants subjected Plaintiff to a hostile work environment and ultimately terminated him because of his use of leave for medical reasons.

39. As a result of Defendants' conduct, Plaintiff suffered extensive damages, including damages for past and future wage and benefits loss, liquidated or consequential damages, and attorneys' fees and costs.

### COUNT IV – RETALIATION AND/OR INTERFERENCE IN VIOLATION OF THE FAMILY AND MEDICAL LEAVE ACT, 29 U.S.C. § 2601, *et seq.*

40. Plaintiff incorporates the foregoing paragraphs as if set forth in their entirety herein.

41. At all relevant times. Defendants were each an "employer" as defined by the Family and Medical Leave Act, 29 U.S.C § 2611(4)(A).

6

42. At all relevant times, Plaintiff was an "employee" as defined by the FMLA, 29 U.S.C. § 2611(2)(A).

43. At all relevant times, Plaintiff had a right under the FMLA, 29 U.S.C. § 2612(a)(1), to twelve workweeks of leave during any twelve-month period for medical reasons.

44. During the course of his employment, Plaintiff exercised his right under the FMLA, 29 U.S.C. § 2612(a)(1).

45. At all times relevant, Defendants had a duty under the FMLA, 29 U.S.C. § 2615, not to interfere with Plaintiff's rights under the FMLA.

46. Defendants interfered with Plaintiff's rights under the FMLA and retaliated against him for exercising his rights because Defendants subjected Plaintiff to a hostile work environment and terminated him because of his use of leave for medical reasons.

47. As a result of Defendants' conduct, Plaintiff suffered extensive damages, including damages for past and future wage and benefits loss, actual monetary losses, liquidated damages, and attorneys' fees and costs.

## V.    JURY DEMAND

Plaintiff hereby demands trial by jury.

## VI.    PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for relief as follows:

    A.    Damages for lost wages, including back pay, front pay and lost benefits;

    B.    Damages for emotional distress;

    C.    Liquidated damages:

    D.    Statutory penalties;

    E.    Punitive damages;

F. Prejudgment interest in an amount to be determined at trial;

G. Compensation for any tax penalty associated with a recovery;

H. Reasonable attorneys' fees and costs; and

I. Whatever further and additional relief the court shall deem just and equitable.

Respectfully submitted this 2nd day of November 2021.

**HKM EMPLOYMENT ATTORNEYS LLP**

By: *s/ Tiffany Joseph Goodson*
Tiffany Joseph Goodson, DC Bar # 481878
1325 G Street NW, Suite 558
Washington, DC 20005
Phone: (202) 919-5952
Fax: (202) 919-5952
E-mail: tjosephgoodson@hkm.com

*Counsel for Plaintiff*

# Information Sheet, Continued

**C. OTHERS**
- ☐ 01 Accounting
- ☐ 02 Att. Before Judgment
- ☐ 05 Ejectment
- ☐ 9 Special Writ/Warrants (DC Code § 11-941)
- ☐ 10 Traffic Adjudication
- ☐ 11 Writ of Replevin
- ☐ 12 Enforce Mechanics Lien
- ☐ 16 Declaratory Judgment
- ☐ 17 Merit Personnel Act (OEA) (D.C. Code Title 1, Chapter 6)
- ☐ 18 Product Liability
- ☐ 24 Application to Confirm, Modify, Vacate Arbitration Award (DC Code § 16-4401)
- ☐ 29 Merit Personnel Act (OHR)
- ☐ 31 Housing Code Regulations
- ☐ 32 Qui Tam
- ☐ 33 Whistleblower

**II.**
- ☐ 03 Change of Name
- ☐ 06 Foreign Judgment/Domestic
- ☐ 08 Foreign Judgment/International
- ☐ 13 Correction of Birth Certificate
- ☐ 14 Correction of Marriage Certificate
- ☐ 26 Petition for Civil Asset Forfeiture (Vehicle)
- ☐ 27 Petition for Civil Asset Forfeiture (Currency)
- ☐ 28 Petition for Civil Asset Forfeiture (Other)
- ☐ 15 Libel of Information
- ☐ 19 Enter Administrative Order as Judgment [ D.C. Code § 2-1802.03 (h) or 32-151 9 (a)]
- ☐ 20 Master Meter (D.C. Code § 42-3301, et seq.)
- ☐ 21 Petition for Subpoena [Rule 28-I (b)]
- ☐ 22 Release Mechanics Lien
- ☐ 23 Rule 27(a)(1) (Perpetuate Testimony)
- ☐ 24 Petition for Structured Settlement
- ☐ 25 Petition for Liquidation

**D. REAL PROPERTY**
- ☐ 09 Real Property-Real Estate
- ☐ 12 Specific Performance
- ☐ 04 Condemnation (Eminent Domain)
- ☐ 10 Mortgage Foreclosure/Judicial Sale
- ☐ 11 Petition for Civil Asset Forfeiture (RP)
- ☐ 08 Quiet Title
- ☐ 25 Liens: Tax / Water Consent Granted
- ☐ 30 Liens: Tax / Water Consent Denied
- ☐ 31 Tax Lien Bid Off Certificate Consent Granted

_____  
Attorney's Signature

11/2/2021  
Date

**SUPERIOR COURT OF THE DISTRICT OF COLUMBIA**
**CIVIL DIVISION Civil Actions Branch**
500 Indiana Avenue, N.W., Suite 5000, Washington, D.C. 20001
Telephone: (202) 879-1133 • Website: www.dccourts.gov

KEVIN LEWIS
Vs.
EXELON CORPORATION et al

C.A. No.  2021 CA 004014 B

## INITIAL ORDER AND ADDENDUM

**Pursuant to D.C. Code § 11-906 and District of Columbia Superior Court Rule of Civil Procedure ("Super. Ct. Civ. R.") 40-I, it is hereby ORDERED as follows:**

(1) This case is assigned to the judge and calendar designated below. All future filings in this case shall bear the calendar number and the judge's name beneath the case number in the caption.

(2) Within 60 days of the filing of the complaint, plaintiff must file proof of service on each defendant of copies of (a) the summons, (b) the complaint, and (c) this Initial Order and Addendum. The court will dismiss the claims against any defendant for whom such proof of service has not been filed by this deadline, unless the court extended the time for service under Rule 4(m).

(3) Within 21 days of service (unless otherwise provided in Rule 12), each defendant must respond to the complaint by filing an answer or other responsive pleading. The court may enter a default and a default judgment against any defendant who does not meet this deadline, unless the court extended the deadline under Rule 55(a).

(4) At the time stated below, all counsel and unrepresented parties shall participate in a remote hearing to establish a schedule and discuss the possibilities of settlement. Counsel shall discuss with their clients **before** the hearing whether the clients are agreeable to binding or non-binding arbitration. **This order is the only notice that parties and counsel will receive concerning this hearing.**

(5) If the date or time is inconvenient for any party or counsel, the Civil Actions Branch may continue the Conference **once**, with the consent of all parties, to either of the two succeeding Fridays. To reschedule the hearing, a party or lawyer may call the Branch at (202) 879-1133. Any such request must be made at least seven business days before the scheduled date.
No other continuance of the conference will be granted except upon motion for good cause shown.

(6) Parties are responsible for obtaining and complying with all requirements of the General Order for Civil cases, each judge's Supplement to the General Order and the General Mediation Order. Copies of these orders are available in the Courtroom and on the Court's website http://www.dccourts.gov/.

**Chief Judge Anita M. Josey-Herring**

Case Assigned to: Judge FERN FLANAGAN SADDLER
Date:            November 3, 2021
Initial Conference: **REMOTE HEARING - DO NOT COME TO COURTHOUSE**
**SEE REMOTE HEARING INSTRUCTIONS ATTACHED TO INITIAL ORDER**

9:30 am, Friday, February 04, 2022
Location:  Courtroom 100
           500 Indiana Avenue N.W.
           WASHINGTON, DC 20001

1

CAIO-60

## ADDENDUM TO INITIAL ORDER AFFECTING
## ALL MEDICAL MALPRACTICE CASES

D.C. Code § 16-2821, which part of the Medical Malpractice Proceedings Act of 2006, provides, "[a]fter action is filed in the court against a healthcare provider alleging medical malpractice, the court shall require the parties to enter into mediation, without discovery or, if all parties agree[,] with only limited discovery that will not interfere with the completion of mediation within 30 days of the Initial Scheduling and Settlement Conference ('ISSC'"), prior to any further litigation in an effort to reach a settlement agreement. The early mediation schedule shall be included in the Scheduling Order following the ISSC. Unless all parties agree, the stay of discovery shall not be more than 30 days after the ISSC."

To ensure compliance with this legislation, on or before the date of the ISSC, the Court will notify all attorneys and *pro se* parties of the date and time of the early mediation session and the name of the assigned mediator. Information about the early mediation date also is available over the internet at https://www:dccourts.gov/pa/. To facilitate this process, all counsel and *pro se* parties in every medical malpractice case are required to confer, jointly complete and sign an EARLY MEDIATION FORM, which must be filed no later than ten (10) calendar days prior to the ISSC. D.C. Code § 16-2825 Two separate Early Mediation Forms are available. Both forms may be obtained at www.dccourts.gov/medmalmediation. One form is to be used for early mediation with a mediator from the multi-door medical malpractice mediator roster; the second form is to be used for early mediation with a private mediator. Plaintiff's counsel is responsible for eFiling the form and is required to e-mail a courtesy copy to earlymedmal@dcsc.gov. Unrepresented plaintiffs who elect not to eFile must either mail the form to the Multi-Door Dispute Resolution Office at, Suite 2900, 410 E Street, N.W., Washington, DC 20001, or deliver if in person if the Office is open for in-person visits.

A roster of medical malpractice mediators available through the Court's Multi-Door Dispute Resolution Division, with biographical information about each mediator, can be found at www.dccourts.gov/medmalmediation/mediatorprofiles. All individuals on the roster are judges or lawyers with at least 10 years of significant experience in medical malpractice litigation. D.C. Code § 16-2823(a). If the parties cannot agree on a mediator, the Court will appoint one. D.C. Code § 16-2823(b).

The following people are required by D.C. Code § 16-2824 to attend personally the Early Mediation Conference: (1) all parties; (2) for parties that are not individuals, a representative with settlement authority; (3) in cases involving an insurance company, a representative of the company with settlement authority; and (4) attorneys representing each party with primary responsibility for the case.

No later than ten (10) days after the early mediation session has terminated, Plaintiff must eFile with the Court a report prepared by the mediator, including a private mediator, regarding: (1) attendance; (2) whether a settlement was reached; or, (3) if a settlement was not reached, any agreements to narrow the scope of the dispute, limit discovery, facilitate future settlement, hold another mediation session, or otherwise reduce the cost and time of trial preparation. D.C. Code§ 16-2826. Any Plaintiff who is unrepresented may mail the form to the Civil Actions Branch at [address] or deliver it in person if the Branch is open for in-person visits. The forms to be used for early mediation reports are available at www.dccourts.gov/medmalmediation.

Chief Judge Anita M. Josey-Herring

## Civil Remote Hearing Instructions for Participants

The following instructions are for participants who are scheduled to have cases heard before a Civil Judge in a **Remote Courtroom**

**Option1: (AUDIO ONLY/Dial-in by Phone):**

Toll 1 (844) 992-4762 or (202) 860-2110, enter the Meeting ID from the attachment followed by #, press again to enter session.

- *Please call in no sooner than 5 minutes before your scheduled hearing time. Once you have joined the session, please place your phone on mute until directed otherwise. If you should happen to get disconnected from the call, please call back in using the phone number and access number provided and the courtroom clerk will mute your call until the appropriate time.*

If you select **Option 2** or **Option 3** use the Audio Alternative

**Option 2: (LAPTOP/ DESKTOP USERS 1):**

Open Web Browser in Google Chrome and copy and paste following address from the next page:
https://dccourts.webex.com/meet/XXXXXXXXX

**Option 3: (LAPTOP/ DESKTOP USERS 2):**

Open Web Browser in Google Chrome and copy and paste following address
https://dccourts.webex.com  Select Join, enter the Meeting ID from the next page

**AUDIO ALTERNATIVE:** Instead of automatically using **USE COMPUTER FOR AUDIO**, select **CALL-IN** and follow the **CALL-IN** prompt window. Use a cell phone or desk phone. You will be heard clearer if you **do not** place your phone on SPEAKER. It is very important that you enter the **ACCESS ID #** so that your audio is matched with your video.



**Option 4: (Ipad/SMART PHONE/TABLET):**

- Go to App Store, Download WebEx App (Cisco WebEx Meetings)
- Sign into the App with your Name and Email Address
- Select Join Meeting
- Enter address from the next page: https://dccourts.webex.com/meet/XXXXXXXXX
- Click join and make sure your microphone is muted and your video is unmuted (if you need to be seen). If you only need to speak and do not need to be seen, use the audio only option.
- When you are ready click "Join Meeting". If the host has not yet started the meeting, you will be placed in the lobby until the meeting begins.

**For Technical Questions or issues Call: (202) 879-1928, Option #2**

CAIO-60

Superior Court of the District of Columbia
Public Access for Remote Court Hearings
(Effective August 24, 2020)

**The current telephone numbers for all remote hearings are: 202-860-2110 (local) or 844-992-4726 (toll free).** After dialing the number, enter the WebEx Meeting ID as shown below for the courtroom. Please click a WebEx Direct URL link below to join the hearing online.

Audio and video recording; taking pictures of remote hearings; and sharing the live or recorded remote hearing by rebroadcasting, live-streaming or otherwise are not allowed

| Division | Courtroom | Types of Hearings Scheduled in Courtroom | Public Access via WebEx | |
|---|---|---|---|---|
| | | | **WebEx Direct URL** | **WebEx Meeting ID** |
| Auditor Master | 206 | Auditor Master Hearings | https://dccourts.webex.com/meet/ctbaudmaster | 129 648 5606 |
| Civil | 100 | Civil 2 Scheduling Conferences; Status, Motion and Evidentiary Hearings including Bench Trials | https://dccourts.webex.com/meet/ctb100 | 129 846 4145 |
| | 205 | Foreclosure Matters | https://dccourts.webex.com/meet/ctb205 | 129 814 7399 |
| | 212 | Civil 2 Scheduling Conferences; Status, Motion and Evidentiary Hearings including Bench Trials | https://dccourts.webex.com/meet/ctb212 | 129 440 9070 |
| | 214 | Title 47 Tax Liens; and Foreclosure Hearings | https://dccourts.webex.com/meet/ctb214 | 129 942 2620 |
| | 219 | Civil 2 Scheduling Conferences; Status, Motion and Evidentiary Hearings including Bench Trials | https://dccourts.webex.com/meet/ctb219 | 129 315 2924 |
| | 221 | Civil 1 Scheduling Conferences; Status, Motion and Evidentiary Hearings including Bench Trials | https://dccourts.webex.com/meet/ctb221 | 129 493 5162 |
| | 318 | Civil 2 Scheduling Conferences; Status, Motion and Evidentiary Hearings including Bench Trials | https://dccourts.webex.com/meet/ctb318 | 129 801 7169 |
| | 320 | | https://dccourts.webex.com/meet/ctb320 | 129 226 9879 |

| | | | |
|---|---|---|---|
| 400 | Judge in Chambers Matters including Temporary Restraining Orders, Preliminary Injunctions and Name Changes | https://dccourts.webex.com/meet/ctb400 | 129 339 7379 |
| 415 | Civil 2 Scheduling Conferences; Status, Motion and Evidentiary Hearings including Bench Trials | https://dccourts.webex.com/meet/ctb415 | 129 314 3475 |
| 516 | | https://dccourts.webex.com/meet/ctb516 | 129 776 4396 |
| 517 | | https://dccourts.webex.com/meet/ctb517 | 129 911 6415 |
| 518 | | https://dccourts.webex.com/meet/ctb518 | 129 685 3445 |
| 519 | | https://dccourts.webex.com/meet/ctb519 | 129 705 0412 |
| JM-4 | | https://dccourts.webex.com/meet/ctbjm4 | 129 797 7557 |
| A-47 | Housing Conditions Matters | https://dccourts.webex.com/meet/ctba47 | 129 906 2065 |
| B-52 | Debt Collection and Landlord and Tenant Trials | https://dccourts.webex.com/meet/ctbb52 | 129 793 4102 |
| B-53 | Landlord and Tenant Matters including Lease Violation Hearings and Post Judgment Motions | https://dccourts.webex.com/meet/ctbb53 | 129 913 3728 |
| B-109 | Landlord and Tenant Matters | https://dccourts.webex.com/meet/ctbb109 | 129 127 9276 |
| B-119 | Small Claims Hearings and Trials | https://dccourts.webex.com/meet/ctbb119 | 129 230 4882 |

CAIO-60

NOV 1 8 2021